Pat Dahlgren, Director Division of Behavioral Health Services Arkansas Department of Human Services 4313 W. Markham Little Rock, AR 72205-4096
Dear Ms. Dahlgren:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., of two proposed interlocal agreement between the Arkansas Department of Human Services, Division of Behavioral Health Services, Research and Training Institute ("DBHS-RTI") and the Board of Trustees of the University of Arkansas for and on behalf of Department of Psychiatry and Behavioral Sciences of the University of Arkansas for Medical Sciences ("UAMS-DPBS").
You have submitted copies of both proposed agreements. Under the terms of the first, the parties agree generally to cooperate in the study and treatment of psychiatric disorders and training of mental health professionals. Under the terms of the second, the parties agree "to form a sustainable partnership to improve medication management for persons with schizophrenia who use the public mental health system."
The Interlocal Cooperation Act provides for cooperative enterprises between or among "public agencies" — a term defined as including any "[a]gency of the state government." A.C.A. § 25-20-103(1)(C) (Supp. 2003). In my opinion, this designation would clearly apply to both parties to the proposed agreement.
The Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
I am required by law to review the agreements for the purpose of determining whether they are in proper form, as described above, and are otherwise compatible with the laws of the state.
Having analyzed the agreements you have submitted, I find that they meet the above-outlined requirements of the law and are therefore in proper form. Accordingly, they are hereby approved as submitted.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh